UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| **BRUCE AMSTER** | : | 3:09CV00005 (WWE) |
| Plaintiff, | : |  |
| v. | : |  |
|  | : |  |
| **CARL JENKINS, JOHN KENDALL** | : |  |
| and **SALVATORE BATTINELLI** | : |  |
| Defendants. | : |  |
|  | : |  |

### MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS TO DISMISS

In this action, pro se plaintiff Bruce Amster alleges wrongdoing on the part of defendants Carl Jenkins, John Kendall and Salvatore Battinelli arising out of a multi-million dollar judgment obtained by defendant Kendall against Amster in the State of Massachusetts and a subsequent receivership.

Plaintiff brings the following claims:

- breach of fiduciary duty as to Jenkins (Count I);

- fraud as to Kendall (Count II);

- fraud (Count III); conversion (Count V), RICO violation (Count VI), intentional infliction of emotional distress (Count VII) and CUTPA violation (Count VIII) as to Jenkins, Battinelli and Kendall;

- "authorizing trespass" (Count IV) as to Jenkins and Battinelli.

Defendants now move to dismiss the claims brought against them pursuant to Rules 12(b)(1), 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure.  For the reasons set forth herein the motions to dismiss will be granted.

1

## Background

The following background is reflected in the allegations of the amended complaint (doc. # 39), which are taken as true for purposes of ruling on this motion to dismiss.  The complaint is deemed to include any written instrument attached to it as an exhibit or document incorporated by reference.  Cortec Indus., Inc. v. Sum Holding, L.P., 949 F.2d 42 (2d Cir. 1991).

The genesis of this litigation is a multi-million dollar judgment obtained by John Kendall in Massachusetts Superior Court in 1999 against Amster and his affiliated companies.  Amster's refusal to pay the money judgment resulted in the appointment of Carl Jenkins on March 12, 2000 as a receiver to ensure payment of the judgment.

In 2002 plaintiff relocated to Connecticut and in late 2004, Kendall and Jenkins moved in Connecticut Superior Court, Kendall v. Amster, CV-04-4002328S, for an ex parte order of prejudgment attachment against Bruce Amster, his son Colton Amster and a company run by Colton Amster, Red Line Restorations, LLC.

On August 17, 2006, Amster filed a Chapter 7 petition for bankruptcy in the District of Connecticut ("the bankruptcy proceeding" ).  Amster et al., 06-50337 (Bankr. D. Conn. Aug. 17, 2006).  Richard Coan was appointed trustee to gather and liquidate plaintiff's assets.  Kendall commenced an adversary proceeding on November 12, 2006, which is still ongoing.

In 2007 a suit was commenced by a former client of Amster, Patterson Collection, LP, in the District of Connecticut seeking damages for the improper attachment of certain personal property including automobiles, automobile parts and related documents.  See Patterson Collection, LP v. Sullivan et al., 3:07CV00592 (WWE) ("the Patterson Collection").  Amster, a third-party apportionment defendant,

filed third-party claims against Battinelli, Jenkins, Kendall and others relating to the unlawful attachment claims brought by Patterson Collection LLP.  The third-party claims were dismissed by this Court in February 2008.  <u>Patterson Collection</u>, 2008 WL 474264 (D. Conn. Feb. 6, 2008) (WWE).

In 2008 plaintiff commenced this action against defendants by complaint dated December 3, 2008 in the Connecticut Superior Court. J.D. of Stamford/Norwalk.  Such complaint was never filed with the state court.  On January 5, 2009, defendants filed a notice of removal to this Court.  On March 4, 2009, plaintiff filed an amended complaint alleging breach of fiduciary duty, violations of CUTPA and RICO, "authorizing trespass", fraud and intentional infliction of emotional distress.  Now pending before this court are defendants' motions to dismiss.

## Discussion

A motion to dismiss for lack of subject matter jurisdiction may be made at any time.  When considering a motion to dismiss under Rule 12(b)(1) challenging the district court's subject matter jurisdiction, "the court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits." <u>Zappia Middle East Const. Co. Ltd. v. Emirate of Abu Dhabi.</u>, 215 F.3d 247, 253 (2d Cir. 2000).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."  <u>Bell Atl. Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965 (2007).   A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible.  <u>Iqbel v. Hasty</u>, 490 F.3d 143, 158

(2d Cir. 2007) (applying flexible "plausibility standard" to Rule 8 pleading).

Battinelli, Kendall and Jenkins make several arguments in support of dismissal. Among their many arguments, defendants move for dismissal on the grounds that plaintiff lacks standing to assert the claims in the instant action because such claims are the property of the debtor's estate. "When a debtor files for bankruptcy protection, a bankruptcy estate is created." Polvay v. B.O. Acquisitions, Inc., 1997 WL 188127, at *2 (S.D.N.Y. April 17, 1997). The scope of the estate is defined at 11 U.S.C. § 541(a), which includes all legal or equitable property interests belonging to the debtor at the time of filing. Causes of actions belonging to the debtor are the property of the debtor's estate and are subject to the bankruptcy trustee's sole direction and control. Mele v. First Colony Life Ins. Co., 127 B.R. 82, 84 (1991). Therefore, only the bankruptcy trustee has standing to assert Amster's claims against defendants.

In support of standing plaintiff argues that the trustee abandoned potential causes of action against the instant defendants via the second abandonment of property filed by the trustee on May 30, 2008 in the bankruptcy proceeding. Plaintiff is correct that the trustee abandoned potential causes of action against Battinelli, Kendall, Jenkins and others "arising out of or relating to the litigation commenced by the Patterson Collection". However, this abandonment was limited to the third-party claims brought by Amster in the Patterson Collection. As stated in Richard Coan's supporting affidavit the "claims asserted by Amster in the 1st Amended Complaint are not covered by the First Abandonment or Second Abandonment." [Doc. # 53, ¶ 7.]

Furthermore, the instant claims had all accrued prior to the commencement of the bankruptcy proceeding. Plaintiff's breach of fiduciary duty claim arises out of Jenkins' role as a receiver from 2000-2006; plaintiff's fraud claims arise out of Kendall's

4

testimony during the 1999 trial in Massachusetts and actions taken by a Connecticut Marshall in 2004; plaintiff's "authorizing trespass", conversion, RICO, and CUTPA claims arise out of the Connecticut State Court action in 2004 where the Court granted an ex parte PJR.  The claims stemming from these events –the Massachusetts trial, the receivership and the prejudgment remedy action– are the property of the estate.

Accordingly, plaintiff lacks standing to bring this action against defendants and dismissal is appropriate. In light of plaintiff's lack of standing, this Court need not address defendants' remaining arguments in favor of dismissal.

## **Conclusion**

The motions to dismiss [# 46, 54] are GRANTED.  The clerk is instructed to close this case.

                                     /s/  
                                     WARREN W. EGINTON  
                                     SENIOR UNITED STATES DISTRICT JUDGE

Dated at Bridgeport, Connecticut this 24th  day of August, 2009.